JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY WOODYARD,<br><br>        Plaintiff,<br><br>    v.<br><br>BELLUS ALC ACQUISITION, LLC, et al.,<br><br>        Defendants. | Case No. 2:13-cv-05285 SJO (AGRx)<br><br>**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, DISMISSAL WITH PREJUDICE AND FINAL JUDGMENT**<br><br>Date: August 18, 2014<br>Time: 10:00 a.m.<br>Courtroom: 1- 2nd Floor (Spring St.)<br>Judge: Hon. S. James Otero |

       On August 18, 2014, a hearing was held on Plaintiff ASHLEY WOODYARD's motion for final approval of the parties' proposed class action settlement and Class Counsel's Motion for Attorneys' Fees and Costs and Class Representative's Enhancement Payment. Daniel F. Gaines and Alex P. Katofsky of Gaines & Gaines, APLC ("Class Counsel") appeared for Plaintiff ASHLEY WOODYARD ("Plaintiff"), and Rod Fliegel and Laura E. Hayward of Littler Mendelson, appeared for Defendants American Laser Skincare, LLC and Bellus ALC of California, LLC dba American Laser Skincare ("Defendants").

       The parties have previously filed with this Court their Joint Stipulation of Class Settlement and Class Settlement Agreement and Release (the "Agreement").

Case No. 2:13-cv-05285 SJO (AGRx)

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

This Court preliminarily approved the Settlement in its Order Granting Preliminary Approval of Settlement ("Preliminary Approval Order") on May 5, 2014. In accordance with this Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions. Only 14 of the 500 Class Members opted out of the class, zero (0) filed disputes, and no Class Members objected to the Settlement.

Defendants promulgated the notice required by the Class Action Fairness Act ("CAFA") on March 19, 2014. As CAFA provides that "[a]n order giving final approval of a proposed settlement may not be issued earlier than 90 days after the requisite notice is provided," 28 U.S.C. § 1715(d), thus the requisite time has passed since service of the notice for this Court to issue this Order.

Having received and considered the proposed Agreement, the Motion for Final Approval of Class Action Settlement and supporting papers filed by Plaintiff, including the Declarations of Daniel F. Gaines, Kenneth S. Gaines, Alex P. Katofsky, Ashley Woodyard, and Danielle Behring, the evidence previously received by the Court pursuant to Plaintiff's Motion For Order (1) Conditionally Certifying Settlement Class; (2) Preliminarily Approving Class Action Settlement; (3) Directing Distribution Of Class Notice; and (4) Setting Hearing For Final Approval Of Settlement filed on March 15, 2014, and after holding the final approval hearing on August 18, 2014, the Court GRANTS FINAL APPROVAL to the Settlement and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. This Court has jurisdiction over the subject matter of this matter and over all Parties, including all members of the putative Settlement Class.

2. Pursuant to this Court's Preliminary Approval Order, Notice of (1) Proposed Class Action Settlement and (2) Final Settlement Approval Hearing ("Class Notice"), Exclusion Form, and Claim Form were sent to each Class Member by first-class mail. The Class Notice informed Class Members of the terms of the Agreement, their right to opt out of the class and pursue their own remedies, their opportunity to

file written objections, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the settlement. Adequate periods of time were provided by each of these procedures. No Class Members filed written objections to the proposed settlement as part of this notice process or stated an intent to appear at the final approval hearing.

3. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of class members. The Court finds and determines that the notice provided in this case was the best notice practicable, and that it satisfied the requirements of federal law and due process.

4. For the reasons stated in the Court's May 5, 2014 Preliminary Approval Order, the Court finds and determines that the proposed Settlement Class, as defined in the Agreement, meets all of the legal requirements for class certification, and it is hereby ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action. The Court also approves Daniel F. Gaines and Alex P. Katofsky of Gaines & Gaines, APLC as Class Counsel and approves Ashley Woodyard as the Class Representative.

5. The Court finds that no Class Member has objected to the terms of the Settlement. The Court further finds and determines that the terms of the Agreement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who have not opted out will be bound by the Agreement, that the Agreement is ordered finally approved, and that all terms and provisions of the Agreement should be and hereby are ordered to be consummated. However, those Class Members who did not submit a timely executed claim form have not released their FLSA claims, pursuant to 29 U.S.C. § 216(b).

6. The Court finds and determines that the payments to be made to the Settlement Class Members as provided for in the Agreement are fair and

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

3.     Case No. 2:13-cv-05285 SJO (AGRx)

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

reasonable. The Court gives final approval to and orders the payment of those amounts be made in accordance with the terms of the Agreement. Upon completion of administration of the settlement, the Claims Administrator will provide written certification of such completion to the Court and counsel for the parties.

7. The Court finds and determines that the payment of Two Thousand Dollars ($2,000.00) to Class Representative Ashley Woodyard, as an Enhancement Award is fair and reasonable. The Court gives final approval to and orders that the payment of that amount be paid to the Class Representative out of the Maximum Gross Settlement Amount in accordance with the terms of the Agreement.

8. The Court finds and determines that the payment of Forty-Eight Thousand Three Hundred Five Dollars and Sixty-Nine Cents ($48,305.69) to Class Counsel for attorneys' fees is fair and reasonable, as is the payment of Eight Thousand Six Hundred Thirty-Seven Dollars and Ninety-Six Cents ($8,637.96) to Class Counsel for costs and expenses associated with the Action. The Court gives final approval to and orders that the payment of that amounts be paid to Class Counsel out of the Maximum Gross Settlement Amount in accordance with the terms of the Agreement.

9. The Court finds and determines that the payment of Fourteen Thousand Five Hundred Dollars ($14,500) for the fees and expenses of the Claims Administrator as set forth in the Agreement is fair and reasonable. The Court gives final approval to and orders that the payment of that amount be paid to the Claims Administrator out of the Maximum Gross Settlement Amount in accordance with the terms of the Agreement.

10. Upon satisfaction of all payments and obligations under the Settlement Agreement and under this Order, all Settlement Class Members who did not opt out, are permanently barred from prosecuting against Defendants and each and all of its respective past and present parents, including but not limited to Bellus ALC Holdings, LLC, subsidiaries, divisions, general and limited partners, joint venturers and affiliated companies, and each and all of their respective past and present

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

4.   Case No. 2:13-cv-05285 SJO (AGRx)

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

directors, officers, managers, employees, principals, members, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, general partners, limited partners, joint venturers, and affiliated companies, each and all of their respective executors, predecessors, successors, assigns and legal representatives any of the individual or class claims released as set forth in the Settlement.

11. By operation of the entry of this Order, the Parties shall fully comply with the terms and conditions of the Agreement. Nothing in this order will preclude any action to enforce the parties' obligations under the Agreement or under this Order.

12. Upon entry of this Order and Final Judgment, the Action is hereby dismissed with prejudice as against Defendants, provided, however, and without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over: (i) interpretation, implementation and enforcement of this settlement; and (ii) enforcement and administration of the Joint Stipulation Of Class Settlement And Class Settlement Agreement And Release.

**IT IS SO ORDERED.**

Dated: August 18, 2014.

*/s/ S. James Otero*

The Honorable United States District Judge James Otero

Firmwide:125053366.1 053852.1050

5.  Case No. 2:13-cv-05285 SJO (AGRx)

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

LITTLER MENDELSON, P.C.
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940